Case 1:06-cv-03271-LAK   Document 1    Filed 04/28/06   Page 1 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN BUSTAMANTE<br>40-18 Elbertson St.<br>Elmhurst, New York 11373,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH VASSALLO<br>444 East 82nd Street<br>New York, New York 10028,<br><br>MICHEALINA VASSALLO<br>444 East 82nd Street<br>New York, New York 10028,<br><br>DOUBLE GARAGE CORP.<br>444 East 82nd Street<br>New York, New York 10028,<br><br>PARKING MGMT. LLC<br>99 John Street, Suite 2106<br>New York, New York 10038,<br><br>28th STREET GARAGE LLC<br>111 John Street, Room 1220<br>New York, New York 10038,<br><br>56th STREET GARAGE LLC<br>111 John Street, Room 1220<br>New York, New York 10038,<br><br>OUTDOOR PARKING LLC<br>99 John Street, Suite 2106<br>New York, New York 10038,<br><br>13th STREET GARAGE LLC<br>111 John Street, Room 1220<br>New York, New York 10038,<br><br>　　(continued on next page) | CASE NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br><br>06 CIV. 3271<br><br>JUDGE KAPLAN |

FILED APR 28 2006 USDC WP SDNY

| | |
|---|---|
| 38th STREET PARKING LLC<br>99 John Street, Suite 2106<br>New York, New York 10038, | :<br>:<br>: |
| | : |
| JOHN STREET PARKING CORP.<br>444 East 82nd Street<br>New York, New York 10028, | :<br>:<br>: |
| | : |
| Defendants. | :<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.     This action has been initiated by Edwin Bustamante (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA") and for violations of the New York Labor Law(s). Plaintiff asserts that the above-captioned Parties (hereinafter referred to as "Defendants," unless indicated otherwise) intentionally failed to pay him overtime compensation. As a result of these violations, Plaintiff seeks damages as set forth herein.

2.     This cause of action is brought by Plaintiff to obtain damages arising from a scheme devised, conducted and/or participated in by each Defendant, their employees and associates, directly or indirectly, to engage in a conspiracy to wrongfully and unlawfully withhold and fail to pay wages earned by Plaintiff.

### II. JURISDICTION AND VENUE

3.     The instant action is initiated pursuant to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* This Court may properly maintain personal jurisdiction over all Defendants because Defendants' contacts with this state and this judicial district are sufficient for

the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 32 U.S. 310 (1945) and its progeny.

4. The United State District Court for the Southern District of New York may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of the federal laws and statute.

5. This Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

6. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in this judicial district and because a substantial part and/or all of the actions alleged herein took place in this District.

### III. PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff, Edwin Bustamante, is an adult individual and citizen of the United States with an address as set forth in the caption.

9. Defendant, Joseph Vassallo, upon information and belief, is a resident of the state of New York and is the chairman and/or chief executive officer of co-defendant, Double Garage Corp., and owns, operates, and/or manages parking lots in New York (including the above Defendants).

10. Defendant, Michealina Vassallo, upon information and belief, is a resident of the

state of New York and is an officer of co-defendant, Double Garage Corp., and owns, operates, and/or manages parking lots in New York (including the above Defendants).

11. Defendant, Double Garage Corp., upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, and/or manages parking lots in New York.

12. Defendant, Parking MGMT. LLC, upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, and/or manages parking lots in New York.

13. Defendant, 28th Street Garage LLC, upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, and/or manages parking lots in New York.

14. Defendant, 56th Street Garage LLC, upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, and/or manages parking lots in New York.

15. Defendant, Outdoor Parking LLC, upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, and/or manages parking lots in New York.

16. Defendant, 13th Street Garage LLC, upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, or manages parking lots in New York.

17. Defendant, 38th Street Parking LLC, upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, and/or manages parking lots in New York.

18. Defendant, John Street Parking Corp., upon information and belief, is a domestic corporation organized under the laws of the state of New York, and owns, operates, and/or manages parking lots in New York.

## FACTUAL BACKGROUD

19. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20. Plaintiff has worked for Defendants John Street Parking LLC, 38th Street Parking LLC, 28th Street Parking LLC, 56th Street LLC, Outdoor Street Parking LLC, and 13th Street Parking LLC as a cashier and as a parking attendant.

21. At all relevant times herein, Plaintiff well over forty (40) hours per week for Defendants John Street Parking LLC, 38th Street Parking LLC, 28th Street Parking LLC, 56th Street LLC, Outdoor Street Parking LLC, and 13th Street Parking LLC.

22. At all times relevant herein, Plaintiff was paid and managed by Defendant Parking Management LLC, which upon information and belief, was responsible for overseeing and paying employees of Defendants John Street Parking LLC, 38th Street Parking LLC, 28th Street Parking LLC, 56th Street LLC, Outdoor Street Parking LLC, and 13th Street Parking LLC.

23. At all time relevant herein, most, if not all of Defendant Parking LLC's were owned, operated, and/or controlled by Double Garage Corp., Joseph Vassallo, and/or Michealina Vassallo.

24. Plaintiff began working for Defendant in 1998 and was terminated in or about February 17, 2006.

25. Plaintiff was never paid overtime compensation for any week that he worked for Defendants.

26. Upon information and belief Defendant individuals Joseph Vassallo and Michealina Vassallo directed that Plaintiff and other similarly situated employees not be paid overtime along with Defendant Double Garage Corporation.

27. Defendants Joseph Vassallo, Michealina Vassallo, and Double Garage were aware of their obligations to pay Plaintiff overtime compensation because they have been sued for similar violations of the Fair Labor Standards Act in 2000, 2001, and 2002.

28. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

29. At all times relevant herein and upon information and belief, Plaintiff was not paid overtime intentionally and Defendants have engaged in a pattern and course of conduct to willfully avoid their overtime obligations.

## COUNT I
### (Violations of the Fair Labor Standards Act)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203.

33. Plaintiff consents to sue in this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit

A.

34. The FLSA requires covered employers, such as Defendants, to compensate all nonexempt employees at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of 40 hours in a work week.

35. Plaintiff was not exempt from the requirement that Defendants must pay him overtime compensation under the FLSA, and he is entitled to overtime compensation by Defendants.

36. At all times relevant herein, Defendants have and continue to have a policy and practice of not paying their employees overtime compensation under the FLSA.

37. As a result of Defendants' failure to compensate Plaintiff and other employees of Defendant at a rate not less than one and one-half times their regular rates of pay for all work performed in excess of 40 hours per workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 207.

38. The foregoing conduct of Defendant, as alleged, constitutes willful violations of the FLSA, within the meaning of the FLSA, 29 U.S.C. § 255(a).

## COUNT II
### (Violations of the New York Labor Laws and Regulations)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Defendants' actions as aforesaid violated N.Y. Comp.Codes R. & Regs. tit, 12, § 142-2.2 (2004) and New York State Labor Law §§ 190 *et. seq.* and 650 *et. seq.* (and supporting regulations and orders of the New York State Department of Labor).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of unlawfully failing to pay overtime to their employees and they are to be ordered to promulgate an effective policy against such an unlawful policy and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and overtime compensation Plaintiff would have received had it not been for Defendant's illegal actions;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action, prejudgment interest, and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable state and federal law;

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & VIRANT**
Attorneys for Plaintiff

_____
Adam C. Virant, Esq.
Galleria Building
115 E. 57th Street
11th Floor
New York, NY 10022
(212) 531-6251
(212) 531-6158 fax

Dated: April 17, 2006

## SECTION 216(b) CONSENT

I, <u>Edwin F. Bustamante</u>, hereby consent to be a Plaintiff in a lawsuit pursuant to Section 216(b) of the Fair Labor Standards Act.

Signed: _____
-Edwin Bustamante

Dated: 4/03/06